UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SEBASTIAN BALLIRO,                                    Docket No.

                          Plaintiff,

                                            **COMPLAINT**

            -against-

EUROTECH CONSTRUCTION CORP.,                          **PLAINTIFF DEMANDS
                                                      A TRIAL BY JURY**

                           Defendant.

-------------------------------------------------------------X

       Plaintiff, SEBASTIAN BALLIRO, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e et seq. ("Title VII"); the New York State Human Rights Law, New York State Executive Law §§296 et seq. ("NYSHRL"); and the New York City Human Rights Law, Administrative Code § 8-107 et seq.("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed and retaliated against on the basis of his sex/gender (male).

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendant resides within the Southern District of New York, or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC") on January 2, 2025 ; (b) receiving a Notice of Right to Sue from the EEOC on July 31, 2025; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of The City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR et ano. is annexed hereto as Exhibit B.

## PARTIES

6. At all times relevant hereto, SEBASTIAN BALLIRO ("Plaintiff") is a male resident of the State of New Jersey, Somerset County.

7. That at all times relevant hereto, Defendant EUROTECH CONSTRUCTION CORP. (hereinafter "Defendant") was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. At all times material, Plaintiff was and is a "person" and an "employee" of Defendant and entitled to protection as defined by TITLE VII, NYSHRL, and NYCHRL.

9. That at all times relevant hereto, Defendant employs fifteen (15) or more employees.

10. At all times relevant, Plaintiff was employed by Defendant as a Carpenter.

## **MATERIAL FACTS**

11. Between 2011 and 2012, Plaintiff began working for Defendant as an apprentice Carpenter.

12. On or around March 10, 2014, Plaintiff began working as a journeyman Carpenter for Defendant.

13. Plaintiff's position paid the hourly wage of $55.00.

14. Plaintiff earned approximately between $125,000 and $130,000 yearly while working for Defendant.

15. As a Carpenter, Plaintiff's job duties included, but were not limited to: working on different building projects, framing, and installing building walls, door frames, ceiling grids, and dry wall.

16. During his thirteen (13) year career with Defendant, Plaintiff was only laid off work one (1) time for "lack of work" between April 2017 and September 2017.

17. On or about August 19, 2024, Plaintiff began to work on a building project for Defendant located at 488 Madison Avenue, New York, New York 10022.

18. Defendant was subcontracted by general contractor Tishman Construction (hereinafter "Tishman") to carry out this project.

19. Plaintiff's direct supervisor was Foreman Mike Feeney (hereinafter "Feeney").

20. As Plaintiff's supervisor, Feeney had the authority to hire, fire, discipline, or otherwise affect the terms and conditions of Plaintiff's employment or affect the decision maker of the same.

21. Neil Riley (hereinafter "Riley") was Defendant's Site Supervisor at 488 Madison Avenue. In his role as Site Supervisor, Riley oversaw the foremen and other employees, including Feeney

22. As such, Riley had the authority to hire, fire, discipline, or otherwise affect the terms and conditions of Plaintiff's employment or affect the decision maker of the same.

23. The entire job site at 488 Madison Avenue was being supervised by Tishman Supervisor Vinny Ortiz (hereinafter "Vinny").

24. On or about September 6, 2024, Plaintiff was working a 6:00 a.m. to 1:40 p.m. shift.

25. Plaintiff was performing strenuous hard labor for hours and ran out of water.

26. Plaintiff walked over to a room where Vinny was standing alongside a case of water.

27. Plaintiff asked Vinny if he could have a bottle of water.

28. Vinny looked at Plaintiff and stated in sum and substance: "**Yeah I got your water for you right here!**" while pointing to his groin area.

29. Plaintiff tried to brush off this comment and asked Vinny again if he could have a bottle of water.

30. Again, Vinny looked at Plaintiff pointed to his groin and stated in sum and substance: "**I already told you I got your water right here!**"

31. Plaintiff was shocked, appalled, and disgusted by these comments and the implication that Vinny was asking Plaintiff to perform oral sex on him.

32. Plaintiff immediately walked over to Feeney and told him of what transpired with Vinny.

33. Feeney responded in sum and substance: "**I don't know why you're even talking to that guy**."

34. Plaintiff was stunned that his supervisor was completely brushing off his report of sexual harassment by the project supervisor.

35. Within fifteen (15) minutes of Plaintiff's complaint to Feeney, Feeney approached him on the jobsite and stated in sum and substance: "**You're off the job, they sent an email.**"

36. Plaintiff came to learn that Feeney was on the phone with Riley. On speakerphone, Riley stated to Plaintiff in sum and substance: "**Every job you to go there is an issue. You're laid off.**"

37. Plaintiff's employment with Defendant was thereby terminated.

38. Plaintiff was never scheduled to work with Defendant again.

39. Plaintiff was distraught that he was being fired after reporting sexual harassment to his supervisor after working diligently for Defendant for approximately thirteen (13) years.

40. By having knowledge of and acquiescing to the discrimination and sexual harassment Plaintiff faced at the hands of Vinny, Defendant condoned, supported, ratified, and furthered the discriminatory and hostile conduct in the workplace.

41. Defendant retaliated against Plaintiff for engaging in one or more protected activities, including opposing unlawful conduct.

42. Defendant terminated Plaintiff in retaliation for his complaint of sexual harassment.

43. Defendant is strictly liable for the actions of their employees/agents Feeney and Riley.

44. Plaintiff has been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffered a violation of his rights, emotional distress, special damages, legal fees/costs, loss of enjoyment of life, economic hardship, inconvenience, and emotional pain and suffering.

45. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

46. As such, punitive damages against Defendant are warranted.

## AS A FIRST CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

48. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

49. Defendant engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendant.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

51. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

52. Defendant engaged in unlawful discriminatory practices by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendant.

## AS A THIRD CAUSE OF ACTION
## RETALIATION UNDER THE NYCHRL

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

54. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

55. Defendant engaged in unlawful discriminatory practices in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND

56. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

    A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendant discriminated and retaliated against Plaintiff on the basis of his gender/sex (male).

    B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

    C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

    D. Awarding Plaintiff punitive damages;

    E. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in the

prosecution of this action; and

F. Awarding such other legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
October 15, 2025

                                               **PHILLIPS & ASSOCIATES,**
                                               **ATTORNEYS AT LAW, PLLC**

By: _____
Brittany A. Stevens, Esq.
Morgan Mickelsen, Esq.
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com
mmickelsen@tpglaws.com